# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:09-CV-289

LOUIS CHARLES HAMILTON, II

                Plaintiff

v.

WALTER A. DENNIS and
ROSEMARY DENNIS

                Defendants

Memorandum Opinion Re Motion to Transfer Venue

This action is assigned to Hon. Thad Heartfield and referred to the undersigned pursuant to General Order 05-07 for management of all pretrial matters. This opinion addresses plaintiff's motion to transfer venue.

## I. Parties; Nature of Case

Plaintiff, Louis Charles Hamilton, II, a Texas resident and domiciliary, proceeds *pro se* and *in forma pauperis*.[1] Defendants Walter A. Dennis and Rosemary Dennis, Louisiana residents and domiciliaries, also proceed *pro se*. Jurisdiction is based upon diversity of citizenship.

Plaintiff filed the instant action on April 3, 2009, against defendants for a dispute arising from a home construction project in New Orleans, Louisiana.

---

[1] Plaintiff's application to proceed *in forma pauperis* was granted on June 5, 2009.

Plaintiff asserts causes of action for breach of contract, intentional infliction of emotional distress, fraud and defamation.

## II.  Motion to Transfer Venue

Plaintiff moves to transfer venue to the Eastern District of Louisiana.  As grounds, plaintiff argues that the events or omissions giving rise to the claims occurred in Louisiana.  According to plaintiff, the principal issue in this breach-of-contract claim arises out of defendant's failure to pay plaintiff, a licensed contractor, after he completed renovations on defendant's home located in Louisiana.  Additionally, plaintiff complains that defendants defamed him in the New Orleans "Broad Moor" district, and also in a New Orleans cabinet shop, by claiming that plaintiff provided insufficient carpentry.  Further, plaintiff claims that defendants harassed him while on the job site in New Orleans.

Defendants have filed no opposition or other response to this motion.

## III.  Discussion and Analysis

Plaintiff's motion should be granted for three reasons.  First, the general venue provision, 28 U.S.C. § 1391(a), provides,

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, all defendants reside in the same state, Louisiana.  See (Docket No. 2).  Further, plaintiff complains of actions taken in Louisiana (*e.g.*, alleged defamatory statements made in New Orleans business establishments and in

New Orleans neighborhoods). Accordingly, a substantial part of the events giving rise to this lawsuit occurred in New Orleans, Louisiana. Therefore, venue is proper in the Eastern District of Louisiana, New Orleans Division under Section 1391(a)(1) and (2).

Second, under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." All concerns bearing on the "convenience of the parties and witnesses" have been satisfied. "Convenience" turns on a number of private and public interest concerns, none of which are given dispositive weight. *See In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *AG Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 350 F.3d 337, 340 (5th Cir. 2004) (citations omitted)). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252 (1981)). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*.

Here, each and every one of the public and private factors weigh in favor of transferring venue based on the "convenience of the parties and witnesses." As outlined above, the contract was drawn and renovations performed entirely in Louisiana. Additionally, all alleged defamatory statements took place in Louisiana and were made by Louisiana residents. Accordingly, because all of

plaintiff's claims arose in Louisiana, the sources of proof, compulsory process, cost of attendance, local interest, familiarly with the law that will govern the case, avoidance of unnecessary conflicts of law and all other considerations which might make trial of the case expeditious and inexpensive favor Louisiana. Therefore, pursuant to "convenience of the parties and witnesses," venue is proper in the Eastern District of Louisiana, New Orleans Division under 28 U.S.C. § 1404(a).

Third, under Local Rule CV-7(e), a party opposing a motion must serve and file a response and any supporting documents. Local Rule CV-7(d) provides that the court will assume that in the event no response is filed, the party has no objection. See Guilbeaux v. 3927 Foundation, Inc., 177 F.R.D. 387, 389 (E.D. Tex. 1998). In the case at bar, not only are defendants unopposed to plaintiff's motion, they acknowledge the Eastern District of Texas, Beaumont Division, as an improper venue in their motion to dismiss, filed June 17, 2009. See (Mot. to Dismiss, Docket No. 9).

### III. Conclusion

For the reasons stated above, it is

**ORDERED** that "Plaintiff's Motion for a Change of Venue" (Docket No. 13) is **GRANTED**. An order transferring this case to the New Orleans Division of the Eastern District of Louisiana will be entered separately.

SIGNED this __1__ day of October, 2009.

*Earl S. Hines*

Earl S. Hines
United States Magistrate Judge