UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS CHARLES HAMILTON II** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7029** |
| **WALTER A DENNIS AND ROSEMARY DENNIS** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

**ORDER**

Before the Court is **Plaintiff's Second Motion for Contempt of Court (R. Doc. 57)** and **Plaintiff's Second Motion for Sanctions (R. Doc. 58)**, filed by Pro Se Plaintiff, Louis Charles Hamilton II ("Hamilton"), seeking an Order sanctioning the Defendants, Walter A. and Rosemary Dennis (collectively, "the Defendants") and finding them in contempt. The motion is unopposed. The motions were heard on the briefs on October 20, 2010.

**I.    Background**

This matter was initially filed in the Eastern District of Texas, and was transferred to the Eastern District of Louisiana on October 22, 2009. (R. Doc. 24.) On July 20, 2010, the case was referred to the undersigned for all proceedings and the entry of judgment in accordance with Title 28 USC 636(c). (R. Doc. 56.)

This diversity action arises from the alleged breach of construction contract between Hamilton and the Defendants for repair work on Defendants' home in New Orleans, Louisiana after it sustained damages from Hurricane Katrina in 2005. Although Hamilton concedes that the Defendant did partially compensate him for work under the contract, he contends that he is still owed additional funds. In addition to his breach of contract claim, Hamilton also seeks damages for fraud, defamation,

and intentional infliction of emotional distress. (R. Doc. 1.)

On October 14, 2009, the Plaintiff propounded his discovery requests. (R. Doc. 25-1, p. 3.) On November 13, 2009, the responses were due. After the Plaintiff did not receive responses, he filed a motion to compel with the Court on December 7, 2009. The motion was granted as unopposed. (R. Doc. 29.) On April 12, 2010, the Defendant responded to the discovery requests. (R. Doc. 31.)

On May 7, 2010, Hamilton filed a motion for sanctions (R. Doc. 36) and a motion for contempt of court (R. Doc. 39) for the Defendant's alleged failure to respond properly to the discovery requests. Both requests were denied by the Court. (*See* R. Docs. 51, 52.)

On October 7, 2010, Hamilton filed the instant motions, seeking, for a second time, a finding of contempt against the Defendants for their alleged failure to properly respond to his discovery requests and the imposition of sanctions. Within his motions, Hamilton also alleges violations of the American Bar Association Code of Professional Responsibility[1] and the Racketeer Influenced and Corrupt Organizations Act by Defendant's counsel.[2] (R. Doc. 57, p. 8.) Hamilton also requests that the Court order the Defendants to produce additional documentation in order to properly comply with this Court's May 7, 2010, Order.

## II.     Standard of Review

Hamilton does not allege that a particular statute supports his motion for sanctions. However, broadly construing the Motion, the Court finds that because the motion arises from the Defendant's alleged failure to obey this Court's Order regarding Hamilton's motion to compel, Federal Rule of Civil Procedure 37 applies . *See Zimmerman v. Spears*, 565 F.2d 310, 316 (5th Cir. 1977) (citing

---

[1] Hamilton contends that Defendant's counsel should be sanctioned under the American Bar Association Code of Professional Responsibility, Disciplinary Rule 7-102(A)(1) for knowingly using perjury testimony or false evidence. (R. Doc. 57, p. 8.)

[2] Hamilton contends that the Defendant's counsel violated RICO by utilizing the "mails" or "court wires" to defraud him. Hamilton does not further explain this assertion. (R. Doc. 57, p. 8.)

*Haines v. Kerner*, 404 U.S. 519, (1972)) (noting that it is the policy of the Fifth Circuit to broadly construe pro se filings).

Pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A)(vii), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P. 37(b)(2)(A)(vii). Specifically, Rule 37(b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (iii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(A).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.,* 421 F.Supp. 973, 975 (D.C.La.1976). It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a

3

court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries,* 177 F.3d 380, 382 (5th Cir.1999).

**III.   Analysis**

Hamilton first contends that the Defendant should be found in contempt and sanctions imposed because they have misrepresented their status as a pro se Plaintiff.  Hamilton also claims that the Defendant failed to produce photographs of the home before and after it was repaired.  Hamilton further contends that the Defendants failed to fully provide copies of all building material receipts.

Additionally, Hamilton seeks a finding of contempt and the imposition of sanctions for the Defendant's failure to provide their full banking records from August 28, 2005 through August 28, 2009. Hamilton also complains that the Defendants failed to produce the following: (1) documentation regarding the purchase of sheet rock used by "Honest Church Volunteers"; (2) documentation and receipts which support a missing $30,000[3]; (3) all information in which the Defendant intends to use to support its claims or defenses; (4) computations of damages and copies of insurance agreements; and (5) the correct party names, identity of potential parties, and testifying experts and any other responsible party.

Hamilton has previously sought a finding of contempt for Defendant's purported misrepresentation as to their status as  pro se. (*See* R. Doc. 52.)  In this Court's previous order, the Court found that there was no evidence that Defendants had a "secret attorney."  After the Defendants responded to the discovery requests, and after the order was issued, enrolled counsel.  Therefore, Plaintiff reasserts his claim.

---

[3]The Plaintiff did not provide the Court with what type of documentation would satisfy this request, nor does the Plaintiff provide the Court with what relevance a "missing $30,000" has to the instant matter.

4

Plaintiff, however, provides the Court with no evidence, other than the fact that the Defendants are currently represented, that the pro se status was misrepresented. The fact that the Defendants were previously unrepresented by counsel and now have representation does not indicate that the Defendants previously had "secret counsel" despite their pro se status. Therefore, the Court declines to find the Defendants in contempt or impose sanctions for purportedly misrepresenting their pro se status.

As for Plaintiff's position that the Defendants failed to fully respond to his propounded requests, this Court previously noted that Hamilton's propounded Requests for Production contained three broad requests seeking: (1) all documents related to the work performed on the Defendants' home and materials used on repair of the home[4]; (2) all the Defendants' banking records from 2005 to 2009[5];

---

[4] Request I states,

> The Plaintiff request [sic] complete copies of all Insurance company and Mortgage companies Records involving payment for storm damages as a result of hurricane Katrina, Complete computation of all Monies for restoration of the Defendant(s) herein Home located on "General Taylor" St. in New Orleans, LA,
>
> Copies of all Construction contracts, Checks made payable to (Dennis et al) from said Insurance/mortgage companies,
>
> Copies of all Deed and mortgage agreements for said Home of Defendant(s) Dennis et al.
>
> Copies of all building material receipts, permits, Contractors Invoices, Sub-Contractor's invoices, to include a complete computation of all agreements made between Dennis et al and by none [sic] profit organization and or Churches that complete [sic] and preformed [sic] any type of Free Labor construction on said Home of (Dennis et al) an identify each and every one of such groups.

(R. Doc. 25-1, pp. 1-2.)

[5] Request II states,

> The Plaintiff request [sic] a complete copies [sic] all [sic] banking records of the (Dennis et al) throughout the Dates of August 28th 2005 the Day Hurricane Katrina made land fall on the (Dennis et al) home . . . . through the day of August 28th 2009 that the Dennis complete Construction of the Home. To include monthly banking statements, copies of all check" [sic] made payable and

5

and (3) photographs of the home before and after repairs were done.[6] (R. Doc. 52.)

The Plaintiff contends that the Defendants should be found in contempt and sanctions be imposed because they failed to provide photographs of their home before and after repairs were made as specifically requested in the propounded discovery requests. The Plaintiff further requests that the Court order the Defendants to produce complete copies of the entire home, including "current fixtures, walls, floors, rooms, ac/heater units, lighting fixtures, crown molding, roofing shingles, all walls, inside and out, all windows, inside and out, attic space, bathrooms, bath rooms [sic] and shower/tubs, all flooring tile, all doors, [and] stair steps." He also requests photographs which show the "four views" of the home, including the front, back, and two sides of the home. Hamilton further requests that he be permitted to hire an agent and private investigator to obtain these photographs.

In this Court's previous order, the Court found that the Defendants did not provide any basis for his claim that the Defendants only provided a limited amount of their photographs of their home or indicated that he had any knowledge that the Defendants had other photographs in their possession that they failed to produce. Here, as was the case in the previous ruling, the Defendants have not indicated that there are other photographs in the possession of the Defendants which were withheld. Instead, Plaintiff has requested additional, more specific photographs, which were not included in his

---

all deposits during this time frame."

(R. Doc. 25-1, p. 2.)

[6]Request III states,

> The Plaintiff request [sic] complete copies of all photographs made by the Dennis et al, of the home on General Taylor St. in New Orleans LA before construction of said home showing all damages made claim for [sic], and complete copies of all photographs showing home finish their after complete construction of said home to include all photographs during construction of said home of Dennis et al.)

(R. Doc. 25-1, p. 2.)

original propounded discovery requests. These additional requests for photographs do not provide a proper basis for a finding of contempt. Absent evidence of the Defendants' failure to produce photographs of their home that were already in their possession, the Court finds that Hamilton's motions for contempt and for sanctions are without merit as to this argument.

Hamilton also complains that the Defendant did not fully respond to the requests by failing to produce receipts for all building materials, specifically in regards to the new roof the Defendant installed. As the Court held in its previous order, the Court finds that the Defendants have produced some information responsive to the requests. The Defendant produced a number of invoices, material lists, and receipts. Hamilton does not specifically identify how this response is deficient. Instead, he points to additional information he thinks he is entitled to, which was not specifically requested, including: (1) documentation regarding the purchase of sheet rock used by "Honest Church Volunteers"; (2) documentation and receipts which support a missing $30,000[7]; (3) all information in which the Defendant intends to use to support its claims or defenses; (4) computations of damages and copies of insurance agreements; and (5) the correct party names, identity of potential parties, and testifying experts and any other responsible party.

As this Court found in its previous order regarding Plaintiff's Motion for Contempt, Hamilton has not provided the Court with a basis for the claim that Defendants have documents that they are not producing. As for the additional list of documentation in which Plaintiff believes he is entitled, Plaintiff's broad discovery requests did not specifically request this information. Therefore, Hamilton's argument that the Defendants should be found in contempt and sanctions imposed for their failure to produce it is without merit.

---

[7] The Plaintiff did not provide the Court with what type of documentation would satisfy this request.

Finally, the Court turns to the Plaintiff's complaint that the Defendants failed to provide copies of their complete banking records as requested in the propounded interrogatories. The request seeks monthly banking statements, including copies of all checks made payable and all deposits made from August 28, 2005 to August 28, 2009. The Court notes that after the Defendants were ordered to produce their responses, the Defendants filed their responses with the Court. (*See* R. Doc. 31.) In their responses, the Defendants stated that they were withholding their banking records because the " information is too sensitive to divulge." (R. Doc. 31, p. 1.)

The Court notes that under Federal Rule of Civil Procedure 33, failure to timely object to a propounded discovery request results in a waiver of the objection. Fed. R. Civ. Pro. 33 (a)(b)(4). As the Defendants untimely provided their responses to the propounded discovery, the Defendant's objection is waived under the rule.

Although the objection was not timely raised, the Court finds that the Defendants should not be required to disclose such sensitive documentation because the request is irrelevant and over broad. *See generally, Aguilar v. County of Fresno, Cal.* 2009 WL 3617984 at * 4 (E.D. Cal. Oct. 29, 2009)(finding that the broad and liberal treatment afforded by the discovery rules permitted the Court to consider the plaintiff's privacy objection even though it was untimely raised.) Defendants' personal financial information has no bearing on the instant matter. The issue in the underlying case is whether the Defendants owe the Plaintiff additional money for the repairs made on their home after Hurricane Katrina. Personal financial information, including bank and credit card statements, are wholly unrelated to payments for materials or renovations of the home. Furthermore, given the volatile relationship between the parties, the Court is hesitant to require the production of such sensitive information for fear that this information may be misused. Therefore, although there was a technical waiver of the objection, the Court finds that in the interests of justice, the objection to the propounded

discovery request is sustained.  As a result, an award of sanctions or a finding of contempt for the Defendants' failure to respond to the request is inappropriate under the circumstances.

Accordingly, Hamilton's arguments the Defendants failed to provide sufficient documents responsive to his discovery requests are without merit.  Therefore, Hamilton's motion for contempt and motion for sanctions are denied in full.[8]

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Hamilton's **Plaintiff Second Motion for Contempt of Court (R. Doc. 57)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Hamilton's **Motion for Sanctions (R. Doc. 58)** is hereby **DENIED.**

New Orleans, Louisiana, this 29th of October 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] As mentioned in the body of this Order, Hamilton also alleged violations of the ABA Professional Code of Conduct and RICO allegations against Defendant's counsel.  As the present motion was for an order of contempt, the Court declines to reach the issues of ABA and RICO violations.